Evelyn M. Trost, Appellant, *v.* Charles J. Hinman, Respondent.

*Promissory note — presumption of ownership arising from possession by the payee,*
*notwithstanding an assignment by him of all claims.*

The introduction in evidence, by the defendant upon the trial of an action brought
upon a non negotiable promissory note by the payee against the maker, of an
assignment to a third party, signed by the plaintiff, of all the plaintiff's claims
and demands against the defendant and another, but not mentioning the note
in suit, without evidence of the delivery of the assignment or of the note to
the person named as assignee in such assignment, is insufficient to overcome the
presumption of ownership arising from the plaintiff's possession of the note at
the trial.

Appeal by the plaintiff, Evelyn M. Trost, from a judgment of
the Supreme Court in favor of the defendant, entered in the office of
the clerk of the city and county of New York on the 25th day of
January, 1893, upon a decision of the court at the New York Circuit
dismissing the complaint.

*Alexander Thain,* for the appellant.

*Horace Graves,* for the respondent.

Per Curiam:

This action was begun March 6, 1891, to recover on an instru-
ment of which the following is a copy :

"*May* 2, 1887.

" On demand, I promise to pay Evelyn M. Trost the sum of three
hundred dollars ($300).
                                        " J.* C. HINMAN."

It is alleged in the complaint that the instrument at its date was
made and delivered to the plaintiff, that payment thereof had been
duly demanded, and that no part thereof had been paid. These
allegations are not denied in the answer, but it is averred therein, as
a sole defense, that the note had been sold and assigned to John
Devlin, who when the action was begun, was the lawful owner
thereof and the real party in interest.

To establish this defense, the defendant introduced in evidence a
written instrument dated June 24, 1890, and signed by the plaintiff,

* Sic.

by which in terms she assigned to John Devlin all her "right, title and interest in and to any and all claims and demands I have against Jabez C. Slote and Charles J. Hinman, or either or both of them, at the date of these presents." No evidence tending to show a delivery of the instrument or of the note to John Devlin was given, nor was the note mentioned in the assignment.

The mere proof that the plaintiff signed this assignment, without evidence of its delivery, or the delivery of the note, to John Devlin, was insufficient to overcome the presumption of ownership arising from plaintiff's possession of the note at the trial.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Judgment reversed, and new trial granted, with costs to abide the event.